## Joliet Railroad Co. v. James McPherson.

1. DAMAGES—*When $3,500 is Not Excessive.*—A man sixty-eight years of age, by profession a photographer, a passenger on one of the defendant's cars, was injured by being thrown down by the sudden starting of the car, while he was in the act of alighting from it. At the time of the trial his leg was so shrunk in size that it was from an inch to two inches and a half less in circumference than the other and was very stiff, with a great deal of thickness and hardening about the hip joint, rendering him so lame that he was obliged to use crutches, his injured leg being of little use to him. There was evidence tending to show that his injuries were permanent. *Held*, that a verdict for $3,500 was not excessive.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Will County; the Hon. ROBERT W. HILSCHER, Judge, presiding. Heard in this court at the April term, 1901. Affirmed. Opinion filed July 12, 1901.

E. MEERS, attorney for appellant.

DONAHOE & MCNAUGHTON, attorneys for appellee.

MR. JUSTICE WATERMAN delivered the opinion of the court.

This is an action to recover damages on account of a personal injury alleged to have been suffered by appellee through the negligence of appellant.

It is conceded that as to the question of negligence the controverted fact is, did appellee, who was a passenger upon appellant's car, remain on the car until it stopped, and was he thrown down because of the sudden starting of the car while he was in the act of getting off, or did he attempt to get off before the car stopped at the street intersection?

As to this question the evidence was variant, and not such that this court can say that the jury and the trial judge were mistaken and that a verdict for the defendant should have been rendered. The plaintiff has recovered a judgment for $3,500 and it is insisted that such amount is excessive. Appellee is—or was at the time of the injury—about sixty-eight years of age; by profession a photographer. At the time of the trial his left leg was so shrunken in size that it was from an inch and a half to two inches and a half less in circumference than corresponding measurements on the right limb showed it to be; his left leg was very stiff, with a great deal of thickness and hardening about the hip joint. The testimony of his regular physician is that the probabilities are that appellee, at his time of life, will never recover from the injury. He is now so lame as to be obliged to use crutches, his injured limb being of little, if any, use to him. The surgeons of appellant, by whom he was treated after the jury, diagnosed the case as one of a sprain, and at the trial expressed the opinion that the shrinking of the limb was due to the disuse of it; but they failed to say that the injury is not permanent, or was not serious, nor do they deny that appellee suffered, as he claimed, great pain.

It is impossible for this court, reading the statements of appellee as to his injury and as to the effect of the injury and the testimony of the respective physicians who appeared in the case, to determine with certainty to what extent appellee is disabled, how permanent is his disability and how much he has suffered. Perhaps more would be known of the present condition and the permanence of the disability if appellant had accepted and acted upon the offer of counsel for appellee, made during the taking of testimony at the trial, to permit an examination then to be made by

the surgeons of appellant, for the purpose of determining what the then condition of appellee was. The probability is that the injury from the fall would have been much less serious to a younger man than it was to appellee.

The record does not present such a showing as to either the alleged negligence or the injury suffered by appellee as warrants this court in saying that the jury were mistaken in rendering the verdict they did, and the trial court in entering judgment thereon.

The judgment of the Circuit Court is affirmed.